# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2010

No. 09-10833
Summary Calendar

Lyle W. Cayce
Clerk

ERNEST BENTON CORDELL,

Plaintiff-Appellant

v.

HOOD COUNTY; GENE MAYO, Hood County Sheriff,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-452

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ernest Benton Cordell, Texas prisoner # 1574525, appeals the district court's judgment of dismissal of his 42 U.S.C. § 1983 complaint against Hood County, Texas, Hood County Sheriff Gene Mayo, and Tarrant County, Texas. Cordell argues that the district court erred by dismissing his claims against Tarrant County and that his counsel rendered ineffective assistance. Cordell has also filed two motions for the appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cordell's brief and his motions for appointment of counsel do not address the district court's finding that Hood County and Sheriff Mayo were entitled to summary judgment. *See* FED. R. APP. P. 28(a)(9) (providing that the brief must include argument with appellant's contentions, citations to the record, and supporting authorities). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), arguments must be briefed to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Cordell's failure to identify any error in the district court's analysis constitutes an abandonment of his claims against Hood County and Sheriff Mayo. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Next, the district court did not err in dismissing Tarrant County from the litigation after the parties, including Cordell through his counsel, filed a joint stipulation dismissing Tarrant County under FED. R. CIV. P. 41(a)(1)(A)(ii). Cordell does not argue, and the record does not indicate, that the district court was ever informed of Cordell's purported disagreement with counsel.

Finally, as the constitutional right to effective assistance of counsel does not apply in civil cases, *see Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986), we do not decide whether Cordell's counsel rendered ineffective assistance here.

For the foregoing reasons, the judgment of the district court is AFFIRMED. Cordell's motions for the appointment of counsel are DENIED.